*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

   **Rodger Dean Middleton**
   **Debra Lea Middleton**
          Debtor(s)

Case No.:  17-14554-MSH
Chapter 13

**CHAPTER 13 PLAN**

*Check one.* This plan is:

- ☐ Original
- ☑ Fourth Amended *(Identify First, Second, Third, etc.)*
- ☐ Postconfirmation *(Date Order Confirming Plan Was Entered:* _____ *)*

Date this plan was filed:  3/21/18 _____

| PART 1: | NOTICES |
|---------|---------|

**TO ALL INTERESTED PARTIES:**

You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**

You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
|-----|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

| PART 2: | PLAN LENGTH AND PAYMENTS |
|---------|--------------------------|

**A.**   **LENGTH OF PLAN:**

- ☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ☑ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- ☐ _____ Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

   _____

**B.**   **PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|------------------------|------------------|

| $194.00 | 60 |
|---------|----|

## C.    ADDITIONAL PAYMENTS:

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*
☑    **The Debtor(s) will make additional payment(s) to the Trustee, as specified below.** *Set forth the amount, source (e.g., lump sums from sales/refinances, tax refunds), and date of each payment.*

| Additional Payment Amount | Source | Date of Payment |
|---------------------------|--------|-----------------|
| $3,000.00 | tax refund | May 2018 |
| $3,000.00 | tax refund | May 2019 |
| $3,000.00 | tax refund | May 2020 |
| $3,000.00 | tax refund | May 2021 |
| $3,000.00 | tax refund | May 2022 |

**The total amount of Payments to the Trustee [B+C]:**                                    $26,640.00.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

## PART 3:                                    SECURED CLAIMS

☐    **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

## A.    CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑    **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.** *Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)

Address of the Principal Residence:    **88 Quincy Street, Brockton, MA**
The Debtor(s) estimates that the fair market value of the Principal Residence is: $    360,000.00

| Name of Creditor | Type of Claim (e.g., mortgage, lien) | Amount of Arrears |
|------------------|--------------------------------------|-------------------|
| Seterus/Federal National Mortgage Association | mortgage | $18,463.00 |
| City of Brockton | water and sewer | $976.00 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): **$19,439.00**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (or address of real property) | Amount of Arrears |
|------------------|---------------|----------------------------------------------------------|-------------------|
| Toyota Motor Credit | secured car loan | 2014 Toyota Camry | $343.00 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): **$19,439.00**
Total prepetition arrears to be paid through this Plan [(a) + (b)]: **$19,782.00**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Seterus/Federal National Mortgage Association | mortgage | 88 Quincy Street Brockton, MA 02302 Plymouth County |
| Toyota Financial | car loan | 2014 Toyota Camry 48000 miles |

### B.    MODIFICATION OF SECURED CLAIMS:

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*
☑    **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below. Complete 1, 2, and/or 3 below.**

### (1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:

☐    **None.** *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

*The following Plan provisions of Part 3.B.1 are effective only if the box "Included" in Part 1, Line 1.1 is checked.*

The Debtor(s) requests that the Court determine the value of the lien of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the amount of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the allowed amount of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the extent of the value of the lien securing the creditor's allowed secured claim.

Unless the Court orders otherwise, the amount of a modified secured claim held by a nongovernmental creditor, as described in this Plan and treated below, is binding on the creditor and the Debtor(s) upon confirmation of this Plan, even if the creditor has filed a Proof of Claim setting forth a different amount.

Unless the Court orders otherwise, the amount of a secured claim of a governmental unit listed in an allowed Proof of Claim controls over any contrary amount listed below. The amount of a secured claim of a governmental unit may NOT be determined through this Plan.

An allowed claim of a creditor whose claim is secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's interest, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this Plan. If the secured claim amount is listed below as having NO value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this Plan.

*In the description of collateral, include the registry of deeds/land court recording information for any real property for which you are modifying a secured claim.*

| | Name of Creditor | Description and Value of Collateral | Secured Claim Amount | Amount of Senior Liens | Interest Rate | Total Claim |
|---|---|---|---|---|---|---|
| | Kay Outlet | jewelry | $2,000.00 | $0.00 | 0.00% | $2,000.00 |

**Total Claim(s) under Part 3.B.1 to be paid through this Plan: $2,000.00**

### (2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:

☑    **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

### (3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):

☐    **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

*The following Plan provisions of Part 3.B.3 are effective only if the box "Included" in Part 1, Line 1.2 is checked.*

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

The judicial lien(s) and/or nonpossessory, nonpurchase-money security interest(s) securing the claim(s) listed below impairs exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b).

Subject to 11 U.S.C. § 349(b), a judicial lien or nonpossessory, nonpurchase-money security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming this Plan. The amount of the judicial lien or nonpossessory, nonpurchase-money security interest that is avoided will be treated as a nonpriority unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or nonpossessory, nonpurchase-money security interest that is not avoided will be paid in full as a secured claim under this Plan provided a Proof of Claim is filed and allowed.

*For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall include the information below. The Debtor(s) also shall complete the chart set forth in Exhibit 3 to this Plan and shall attach to Exhibit 3 a true and accurate copy of the document evidencing such judicial lien as filed or recorded with filing or recording information included. The Debtor(s) shall include the evidentiary basis for the valuation asserted. For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall provide a proposed form(s) of order as Exhibit 4 conforming to Official Local Form 21A. If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table in Exhibit 3 for each lien, and identify the tables as Exhibit 3.1, 3.2, etc.*

*The claim(s) identified below must also be set forth in Exhibit 3.*

| Name of Creditor | Exhibit Table (e.g., 3.1, 3.2, 3.3) |
|---|---|
| Midland Funding | 3.1 |

Total Claim(s) under Part 3.B.3 to be paid through this Plan: $0.00

C.    **SURRENDER OF COLLATERAL:**

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

**PART 4:                      PRIORITY CLAIMS**

*Check one*

☐    **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑    **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

A.    **DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

B.    **OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | taxes | $729.00 |

Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $729.00

C.    **ADMINISTRATIVE EXPENSES:**

     (1) **ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| John Ullian, Esq. 542786 | $1,800.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

     (2) **OTHER** *(Describe):*

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

> -NONE-

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $1,800.00**

**(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5:                    NON PRIORITY UNSECURED CLAIMS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of **$1,646.00**, which the Debtor(s) estimates will provide a dividend of **2.1%**.
☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than ___% of its allowed claim.

**A.    GENERAL UNSECURED CLAIMS:**                                    $69,109.00

**B.    UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Midland Funding | 88 Quincy Street Brockton, MA 02302 Plymouth County | $3,411.00 |
| Kay Outlet | jewelry | $2,710.00 |

**C.    NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**D.    CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**E.    TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

**Total Nonpriority unsecured Claims [A + B + C + D]: $75,230.00**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$1,646.00**

**F.    SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*

## PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☑    **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*
1. **Administrative claims payable to The Law Firm of Ullian & Associates, P.C. shall be payable over the first 12 months of after confirmation, subject to the provisions of Part 4.C.1.**
2. **The inclusion of a claim in this Plan is not an admission as to the amount of the claim, the Debtor reserves the right to object to the claim.**
3. **Seterus shall continue to send monthly statements to the Debtor in connection with the mortgage on 88 Quincy Street, Brockton, MA. Any sums paid by the Chapter 13 Trustee shall be credited to the pre-petition arrears.**
4. **Toyota Financial shall continue to send monthly statements to the Debtor in connection with the 2014 Toyota Camry.**

## PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

/s/ Rodger Dean Middleton
**Rodger Dean Middleton**
Debtor

**March 21, 2018**
Date

/s/ Debra Lea Middleton
**Debra Lea Middleton**
Joint Debtor

**March 21, 2018**
Date

/s/ John Ullian, Esq.
Signature of attorney for Debtor(s)
**John Ullian, Esq. 542786**
**1The Law Firm of Ullian & Associates, P.C.**
**220 Forbes Road, Suite 106**
**Braintree, MA 02184**

Date    **March 21, 2018**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

The following Exhibits are filed with this Plan:

☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☑ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☑ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

| *List additional exhibits if applicable.* |
| --- |
|  |

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits: 21**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

## EXHIBIT 1

### CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $19,782.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $729.00 |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | $1,800.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $1,646.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | $23,957.00 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $26,619.00 |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | $193.65 |
| j) | Round up to the nearest dollar amount for Plan payment: | 194.00 + $15,000.00 lump sum payments |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following:*

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin:  _____

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

## EXHIBIT 2

## LIQUIDATION ANALYSIS

### A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 88 Quincy Street Brockton, MA 02302 Plymouth County | 340.704.00 | 274,811.00 | 500,000.00 |

| | |
|---|---|
| Total Value of Real Property (Sch. A/B, line 55): | $ 340,704.00 |
| Total Net Equity for Real Property (Value Less Liens): | $ 65,893.00 |
| Less Total Exemptions for Real Property (Sch. C): | $ 65,893.00 |
| Amount Real Property Available in Chapter 7: | $ 0.00 |

### B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 2014 Toyota Camry 48000 miles | 15,000.00 | 20,000.00 | 0.00 |

| | |
|---|---|
| Total Value of Motor Vehicles (Sch. A/B, line 55): | $ 15,000.00 |
| Total Net Equity for Motor Vehicles (Value Less Liens): | $ 0.00 |
| Less Total Exemptions for Motor Vehicles (Sch. C): | $ 0.00 |
| Amount Motor Vehicle Available in Chapter 7: | $ 0.00 |

### C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| appliances, furniture and household goods | 3,000.00 | 0.00 | 3,000.00 |
| 6 televisoins, 2 speakers, 3 computers, 1 printer and 4 cell phones | 1,000.00 | 0.00 | 1,000.00 |
| 2 bikes and a basketball hoop | 100.00 | 0.00 | 100.00 |
| clothing | 200.00 | 0.00 | 200.00 |
| jewelry | 2,000.00 | 4,710.00 | 0.00 |
| Cash | 50.00 | 0.00 | 50.00 |
| Checking: Harvard University Employee Credit Union | 500.00 | 0.00 | 500.00 |
| Checking: Harvard University Employee Credit Union | 200.00 | 0.00 | 200.00 |
| Savings: Harvard University Employee Credit Union | 200.00 | 0.00 | 200.00 |
| Checking: Bank of America | 0.00 | 0.00 | 0.00 |
| Checking: Blue Hill Bank | 700.00 | 0.00 | 700.00 |
| Savings: Blue Hill Bank | 91.00 | 0.00 | 91.00 |
| Savings: Bank of America | 0.00 | 0.00 | 0.00 |
| Savings: RTN Credit Union | 0.00 | 0.00 | 0.00 |
| 403(b): Harvard University $110,000 not part of estate | 0.00 | 0.00 | 0.00 |
| 401(k): Through employment, $4,000 not part of estate | 0.00 | 0.00 | 0.00 |
| Child Support: Wife is owed past due child support in the amount of $9,000 -unlikely to collect most of this amount. | 4,500.00 | 0.00 | 4,500.00 |
| SBLI term policy Beneficiary: spouse | 0.00 | 0.00 | 0.00 |
| through employment Beneficiary: spouse | 0.00 | 0.00 | 0.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

| | |
|---|---|
| Total Value of All Other Assets: | $ 12,541.00 |
| Total Net Equity for All Other Assets  (*Value Less Liens*): | $ 10,541.00 |
| Less Total Exemptions for All Other Assets: | $ 10,541.00 |
| **Amount of All Other Assets Available in Chapter 7:** | $ 0.00 |

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | | Amount |
|---|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ | 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ | 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ | 0.00 |

**TOTAL AVAILABLE IN CHAPTER 7:**     $              0.00

### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

## EXHIBIT 3
## TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| Information Regarding Judicial Lien or Security Interest | | |
|---|---|---|
| Name of Debtor(s):* | **Rodger Dean Middleton** | **Debra Lea Middleton** |
| Name of Creditor: | **Midland Funding** | |
| Collateral: | **88 Quincy Street Brockton, MA 02302  Plymouth County** | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien, judgment dated June 19, 2014 Recorded at Plymouth County Registry of Deeds, Book 45166, Page 325** | |

| Calculation of Lien Avoidance | | |
|---|---|---|
| (a) Amount of lien: | $  **3,411.00** | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | $  **271,400.00** | |
| (c) Value of claimed exemptions: | $  **500,000.00** | |
| (d) Total (a), (b), and (c): | $  **774,811.00** | |
| (e) Value of interest in property of the Debtor(s):*** | $  **340,704.00** | |
| (f) Subtract (e) from line (d): | $  **434,107.00** | |
| Extent of exemption impairment: (check applicable box below) | | |
| ☑ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | | |
| ☐ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | | |

| Treatment of Remaining Secured Claim | | | |
|---|---|---|---|
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $ | | |
| Interest Rate (if applicable): | % | | |
| Monthly payment on secured claim | $ | | |
| Estimated total payment on secured claim | $ | | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☑ Individual Debtor | | ☐ Joint Debtors |
| | Name: **Rodger Middleton** | | |

| |
|---|
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

*OLF21A (Official Local Form 21A)*

## EXHIBIT 4

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

In re:

**Rodger Dean Middleton**
**Debra Lea Middleton**
Debtor(s)

Case No.:
Chapter 13

### ORDER AVOIDING LIEN IMPAIRING EXEMPTION*

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of Midland Funding pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of Midland Funding recorded on [date] at the Plymouth County Registry of Deeds at book 45166, page 325 impairs the Debtor(s)' exemption in  (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety.

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

_____
United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

# EXHIBIT 5



## Pricing Analysis - Square Foot Price
### Prepared for Debra L Hart & Rodger D Middleton

Number of Properties: 14
Price Range: $309,900 to $369,900
Average Price: $344,171
Average $ Per Square Foot: $169

| Address | City | Status | Square Feet | $/SqFt | Price |
|---------|------|--------|-------------|--------|-------|
| 36 Lenox St | Brockton, MA | ACT | 1924 | 161 | $309,900 |
| 24 Grafton St | Brockton, MA | SLD | 2055 | 161 | $329,900 |
| 10 Trafalgar St | Brockton, MA | SLD | 2070 | 159 | $330,000 |
| 36 Kurland Ave | Brockton, MA | SLD | 1984 | 166 | $330,000 |
| 209 Bates Rd | Brockton, MA | SLD | 2048 | 166 | $339,900 |
| 42 Crickett Rd | Brockton, MA | SLD | 1900 | 182 | $345,000 |
| 39 Hopkins Rd | Brockton, MA | UAG | 2324 | 150 | $349,000 |
| 22 Avon | Brockton, MA | UAG | 1979 | 177 | $349,900 |
| 905 Crescent Street | Brockton, MA | ACT | 1920 | 182 | $349,900 |
| 144 Lester Rd | Brockton, MA | SLD | 2108 | 166 | $350,000 |
| 18 Annis Ave | Brockton, MA | ACT | 2078 | 168 | $350,000 |
| 64 Noyes Ave | Brockton, MA | SLD | 2047 | 174 | $356,000 |
| 13 N Byron Ave | Brockton, MA | ACT | 2123 | 169 | $359,000 |
| 335 Court | Brockton, MA | UAG | 2000 | 185 | $369,900 |

## Pricing Scenarios

Average price of properties comparable to yours:                                   $344,171

Predicted Price of your home based on 'cost per square foot':                $ 340,704
Based on your property's square footage of **2016** and the average cost per square foot listed above as **$169 per sqft**



**RE/MAX**

Outstanding Agents.

Outstanding Results.

# Net Proceeds of Sale
### Prepared for Debra L. Hart & Rodger D Middleton

Seller's Name: Debra Hart

Property Address: 88 Quincy St., Brockton, MA

| | PRICE RANGE | |
| --- | --- | --- |
| | LOW | HIGH |
| Sale Price | $335,567 | $352,776 |
| Loan Amount/Debt Owed on Property | $0 | $0 |
| Net Equity in Property (Sales Price - Loan Amount) | $335,567 | $352,776 |
| **Estimated Selling/Closing Costs** | | |
| Brokerage Fee | $16,778 | $17,639 |
| Smoke Detector Inspection | 20 | 20 |
| Attorney Fees | 300 | 300 |
| Misc.(Mortgage payoff, courier, etc.) | 100 | 100 |
| Approximate Total Costs | $17,198 | $18,059 |
| Estimate of Seller's Proceeds | $318,369 | $334,717 |

# EXHIBIT 6



2015 0000493G
Bk: 45100 Pg: 325 Page: 1 of 3
Recorded: 01/22/2015 01:37 PM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

| EXECUTION ON MONEY JUDGMENT | DOCKET NUMBER 1315SC001689 | Trial Court of Massachusetts District Court Department |
|---|---|---|

**CASE NAME** MIDLAND FUNDING LLC v. RODGER MIDDLETON

| JUDGMENT DEBTOR AGAINST WHICH EXECUTION IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| RODGER MIDDLETON 88 QUINCY ST Brockton, MA 02302 | Brockton District Court 215 Main Street Brockton, MA 02301   (L.S.) |
| | **JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED** MIDLAND FUNDING LLC |
| JUDGMENT CREDITOR (OR CREDITORS' ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION Holly Rüland Nolen, Esq. Law Office Howard L. Schiff P.C. 510 Tolland Street East Hartford, CT 06128 | FURTHER ORDERS OF THE COURT |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) has recovered judgment against the judgment debtor named above in the amount shown below:

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

A TRUE COPY, ATTEST

| | | |
|---|---|---|
| 1. Judgment Total | | 3,133.90 |
| 2. Date Judgment Entered | | 06/24/2013 |
| 3. Date Execution Issued | | 06/19/2014 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | | 266 |
| 5. Annual Postjudgment Interest Rate | | 0.12 |
| 6. Postjudgment Interest from Judgment to Execution *(lines 1x4x5)* | | $276.32 |
| 7. Postjudgment Costs *(if any)* | | $ |
| 8. Credits *(if any)* | | $ |
| 9. EXECUTION TOTAL *( Lines 1 + 6 + 7, minus Line 8)* | | $3,410.22 |

*Dunne M Hoye*
DEPUTY SHERIFF

**LEVYING OFFICER:** (a) Add daily interest from date execution issued.

(b) Add your fees as provided by law:

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| WITNESS: Hon. Julle J Bernard | 06/19/2014 | X |

*OLF3A (Official Local Form 3A)*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                                          Case No. 17-14554
Rodger Middleton                                               Chapter 13
Debra Middleton
            Debtor(s)

## Instructions to Debtor(s):

A.   Pursuant to MLBR, Appendix 1, Rule 13-4(b), the Debtor(s) or Debtor(s)'s attorney shall cause a copy of the Plan to be served by first class mail or other permitted means upon the Chapter 13 trustee, all creditors of the debtor, all attorneys who have filed a notice of appearance and request service of all pleadings, and other parties in interest (collectively referred to as the "recipients") using this form, Official Local Form 3A ("OLF 3A"). You must list each recipient's name and mailing address in the Certificate of Service.  Do not include account numbers or any personal identifier. See Fed. R. Bankr. P. 9037.

B.   If in the Plan you request:
     **(1) to limit, modify, or determine the amount of a secured claim (you checked the box "Included" in Part 1, Line 1.1); and/or**
     **(2) to avoid a judicial lien or nonpossessory, nonpurchase-money security interest (you checked the box "Included" in Part 1, Line 1.2 ),**
     **you must, in addition to serving the Plan as set forth above in Section A and using OLF 3A, *ALSO* serve a copy of this Plan on the holder(s) of the affected claim(s) and any other entity the Court designates in the manner provided for service in accordance with Fed. R. Bankr. P. 7004, using the Affidavit of Service of Chapter 13 Plan, Official Local Form 3B ("OLF 3B").**

C.   If serving creditors only under Section A, file only OLF 3A with the Court after service is made. If serving creditors also under Section B, you must file both OLF 3A and OLF 3B with the Court after service is made.

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I/We hereby certify that on 3/21/2018 _____(date) and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail  a copy of this Plan to the on the parties on the attached list.


By the Debtor(s):


/s/ John Ullian_____
Signature of Debtor(s)/attorney for Debtor(s)
John Ullian, Esq.
BBO: 542786
The Law Firm of Ullian & Associates, P.C.
220 Forbes Road, Suite 106
Braintree, MA 02184
781-848-5980
john@ullianlaw.com

Label Matrix for local noticing
0101-1
Case 17-14554
District of Massachusetts
Boston
Wed Feb 14 16:45:39 EST 2018

Boston
U. S. Bankruptcy Court
J.W. McCormack Post Office & Court House
5 Post Office Square, Suite 1150
Boston, MA 02109-3945

Alliance One
PO Box 11641
Tacoma, WA 98411-6641

Atrius Health
PO Box 415432
Boston, MA 02241-5432

Atrius Health
Peter Roberts & Assoc
231 E Main Street, Suite 201
Milford, MA 01757-2821

Bank of America
100 North Tryon Street
Charlotte, NC 28255-0001

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America
c/o First Source Advantage
PO Box 628
Buffalo, NY 14240-0628

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284

Baystate Physical Therapy
1 Credit Union Way Fl 3
Randolph, MA 02368-4633

Beth Israel Health Care
Attn: 19101N
PO Box 14000
Belfast, ME 04915-4033

Beth Israel Health Care
PO Box 3233
Boston, MA 02241-3233

Beth Israel Healthcare
c/o Balanced Healthcare Receivables
PO Box 9577
Manchester, NH 03108-9577

Beth Israel Medical Center
c/o Gragil Assoc
PO Box 1010
Pembroke, MA 02359-1010

CTR for Diagnostic Imaging
PO Box 13745
Newark, NJ 07188-0001

Capital One
PO Box 71106
Charlotte, NC 28272-1106

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Cavalry SPV I, LLC
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

Chase/Slate
PO Box 1423
Charlotte, NC 28201-1423

Citibank
PO Box 9001037
Louisville, KY 40290-1037

City of Brockton
Water & Sewer
45 School Street
Brockton, MA 02301-4049

Collection
120 Corporate Blvd, Suite 100
Norfolk, VA 23502-4952

Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA 98083-0657

Discover
PO Box 71084
Charlotte, NC 28272-1084

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Gap/Synchrony Bank
c/o RGS Financial Care Inc
PO Box 1020 Dept 806
Horsham, PA 19044-8020

Good Samaritan Medical
c/o Medical Revenue Service
PO Box 1149
Sebring, FL 33871-1149

Grail & Associates Inc
PO Box 1010
Pembroke, MA 02359-1010

Health Express
PO Box 4110 Dept 3270
Woburn, MA 01888-4110

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Kay Outlet
PO Box 740425
Cincinnati, OH 45274-0425

Khols
PO Box 2983
Milwaukee, WI 53201-2983

Khols
PO Box 3115
Milwaukee, WI 53201-3115

LVNV Funding, LLC
c/o Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

Lowe's
c/o Synchrony Bank
PO Box 530914
Atlanta, GA 30353-0914

Macys
PO Box 9001094
Louisville, KY 40290-1094

Midland Funding
c/o Howard Lee Schiff, P.C.
510 Tolland Street
East Hartford, CT 06108-2523

Midland Funding LLC
8875 Aero Drive, Sutie 200
San Diego, CA 92123-2255

New York & Co.
PO Box 659728
San Antonio, TX 78265-9728

Nissan Motor Corp
c/o Vital Recovery Services
PO Box 923748
Norcross, GA 30010-3748

OrthoCare
700 Lake Avenue, Suite 6
Manchester, NH 03103-2734

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for Comenity Ban
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for MOMA Funding
PO Box 788
Kirkland, WA 98083-0788

Radiology-HNFP
PO Box 3367
Boston, MA 02241-3367

Rockland Federal Credit Union
241 Union Street
Rockland, MA 02370-1885

Santander Bank
c/o F. H Cann & Assoc.
1600 Osgood Street, Suite 2002/120
North Andover, MA 01845-1048

Sears
c/o Services Limited Partnered
PO Box 3855
Houston, TX 77253-3855

Seterus
PO Box 11790
Newark, NJ 07101-4790

South Shore Hospital
PO Box 1021
Pembroke, MA 02359-1021

Synchrony Bank
c/o EGS Financial
PO Box 1020 Dept 806
Horsham, PA 19044-8020

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

TD Bank USA, N.A.
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

TJ Maxx/Synchrony Bank
PO Box 530949
Atlanta, GA 30353-0949

Target Card Services
PO Box 660170
Dallas, TX 75266-0170

Toyota Financial
PO Box 4102
Carol Stream, IL 60197-4102

Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

Victoria's Secret
PO Box 659728
San Antonio, TX 78265-9728

Walmart/Synchrony Bank
PO Box 965024
El Paso, TX 79998

Yoo Foot & Ankle Podiatry
Attn: 20696E
PO Box 1400
Belfast, ME 04915-4033

Carolyn Bankowski-13-12
Chapter 13-12 Trustee Boston
P. O. Box 8250
Boston, MA 02114-0950

Debra Lea Middleton
88 Quincy Street
Brockton, MA 02302-2961

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109-3901

John A. Ullian
Law Offices of Ullian & Assoc.
220 Forbes Road
  Suite 106
Braintree, MA 02184-2711

Rodger Dean Middleton
88 Quincy Street
Brockton, MA 02302-2961


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Bank of America
PO Box 982234
El Paso, TX 79998-2234

(d)Bank of America
PO Box 982237
El Paso, TX 79998-2238

Internal Revenue Service
Insolvency Groups -STOP 20800
25 New Sudbury St.
PO Box 9112
Boston, MA 02203

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Federal National Mortgage Association

(du)Federal National Mortgage Association

End of Label Matrix
Mailable recipients    64
Bypassed recipients     2
Total                  66

*OLF3B (Official Local Form 3B)*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

In re:                                                                Case No. 17-14554
Rodger Middleton                                          Chapter 13
Debra Middleton

        Debtor(s)

## Instructions:

This form must be used if in the Plan the debtor(s) requests:

(1) to limit, modify, or determine the value of a secured claim (the debtor(s) checked the box "Included" in Part 1, Line 1.1); and/or

(2) to avoid a lien or security interest (the debtor(s) checked the box "Included" in Part 1, Line 1.2 ).

Service must be made pursuant to Fed. R. Bankr. P. 7004. Please note, service made by personal service, by residence service, or pursuant state law must be made by a person at least 18 years of age who is not a party to this proceeding. Attach hereto a list of the parties served indicating for each which of the types of service were utilized.

## AFFIDAVIT OF SERVICE OF CHAPTER 13 PLAN

      John Ullian
I,_____(name), certify that service of a copy of this Plan was made on the creditors and in the manner set forth in the attached list on _3/21/18_____(date).

     If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and was at all times during the service of a copy of this Plan, not less than 18 years of age and not a party to the matter concerning which service was made.

     I declare that the foregoing is true and correct under penalty of perjury.

Dated: 3/21/18

                        _____
                        Signature
                        John Ullian, Esq.
                        BBO: 542786
                        The Law Firm of Ullian & Associates, P.C.
                        220 Forbes Road, Suite 106
                        Braintree, MA 02184
                        781-848-5980
                        john@ullianlaw.com

<u>Via Regular Mail</u>
Midland Funding LLC
Corporation Service Company
84 State Street
Boston, MA 02109
(Registered Agent)

<u>Via Regular Mail</u>
Midland Funding LLC
Subsidiary of Encore Capital Group
Jonathan Clark, Exe VP and CFO
3111 Camino Del Rio No.
San Diego, CA 92108

<u>Via Regular Mail</u>
Kay Outlet
Sterling Jewelers Inc.
Attn: Virginia Drosos, CEO
375 Ghent Road
Akron, OH 44333